George M. Kraw (California Bar No. 71551)
Katherine McDonough (California Bar No. 241426)
Jessica N. Melgar (California Bar No. 311575)
KRAW LAW GROUP, APC
605 Ellis Street, Suite 200
Mountain View, California 94043
Telephone: 650-314-7800
Facsimile:  650-314-7899
gkraw@kraw.com
kmcdonough@kraw.com
jmelgar@kraw.com

Counsel for Plaintiffs:
*Board of Trustees, I.B.E.W. Local No. 332 Pension Plan Part A; Board of Trustees, I.B.E.W. Local No. 332 Pension Plan Part B; Board of Trustees, I.B.E.W. Local 332 Health and Welfare Plan; Board of Trustees, Santa Clara County Electrical Industry Apprenticeship and Training Trust; I.B.E.W, Local No. 332; Santa Clara Valley Chapter, Inc., National Electrical Contractors Association, Inc.; Board of Trustees, National Electrical Benefit Fund; I.B.E.W. Local No. 332 Pension Plan Part A; I.B.E.W. Local No. 332 Pension Plan Part B; I.B.E.W. Local 332 Health and Welfare Plan; National Electrical Benefit Fund; Board of Trustees, Joint Electrical Industry Fund*

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOARD OF TRUSTEES, I.B.E.W. LOCAL 332 PENSION PLAN PART A; BOARD OF TRUSTEES, I.B.E.W. LOCAL 332 PENSION PLAN PART B; BOARD OF TRUSTEES, I.B.E.W. LOCAL 332 HEALTH AND WELFARE PLAN;  BOARD OF TRUSTEES, SANTA CLARA COUNTY ELECTRICAL INDUSTRY APPRENTICESHIP AND TRAINING TRUST; I.B.E.W. LOCAL 332; SANTA CLARA VALLEY CHAPTER, INC., NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION, INC.; BOARD OF TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND; BOARD OF TRUSTEES, JOINT ELECTRICAL INDUSTRY FUND; I.B.E.W. LOCAL  NO. 332 PENSION PLAN PART A; I.B.E.W. LOCAL NO. 332 PENSION PLAN PART B; I.B.EW. LOCAL NO. 332 HEALTH AND WELFARE PLAN, NATIONAL ELECTRICAL BENEFIT FUND, JOINT ELECTRICAL INDUSTRY FUND,<br><br>Plaintiffs, | Case No.:<br><br>**COMPLAINT** |

COMPLAINT  - 1
CASE NO.

vs.

DELUCCHI ELECTRIC, INC.,

        Defendants.

1. This action has been brought in an effort to collect unpaid contributions, dues, interest, liquidated damages, and attorney's fees owed to the Plaintiffs. This action arises under Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. § 1001, et seq., under sections 1132 and 1145. This action also arises under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.

## JURISDICTION AND VENUE

2. The Court has jurisdiction of this action under the terms of Section 502(a), (e) and (g) of ERISA, 29 U.S.C. §1132(a), (e) and (g), 29 U.S.C. §185 and 28 U.S.C. § 1331.

3. This Court has venue over this action pursuant to Section 502(e) of ERISA, 29 U.S.C. §1132(e), in that this is the district where the Plaintiffs are administered and domiciled (with the exception of the National Electrical Benefit Fund) and where the breaches described herein took place. The National Electrical Benefit Fund has activity in this district, specifically there are contractors in Santa Clara Valley, including the Defendant, who have agreed to pay contributions to the National Electrical Benefit Fund for participants who work in this district.

## PARTIES

5. The I.B.E.W Local No. 332 Pension Plan A, the I.B.E.W. Local No. 332 Health and Welfare Plan, the I.B.E.W. Local No. 332 Pension Plan Part B, the Santa Clara County Electrical Joint Apprenticeship and Training Trust, and the National Electrical Benefit Fund (the "I.B.E.W. Local 332 Benefit Plans") are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002 (3), and are maintained for the purpose of providing benefits to eligible participants. The Joint Electrical Industry Fund ("JEIF") is a labor-management organization form under the I.B.E.W. Local 332 Inside Wireman Agreement. The Santa Clara Valley Chapter, Inc., National Electrical Contractors Association Inc. ("NECA") is

a corporation formed for the purpose of representing employers signatory to collective bargaining agreements with I.B.E.W. Local 332 Benefit Plans. I.B.E.W. Local No. 332 is a labor organization. The I.B.E.W. Local 332 Benefit Plans receive contributions from employers pursuant to the I.B.E.W. Local 332 Inside Wireman Agreement, a collective bargaining agreement (hereinafter "Collective Bargaining Agreement"), and therefore, constitute multi-employer plans under Section 3(37) of ERISA, 29 U.S.C. §1002(37), and 29 U.S.C. § 1301(a)(3).

6. The Board of Trustees of the I.B.E.W. Local 332 Benefit Plans are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

7. The I.B.E.W Local 332 Pension Plan Part A, the I.B.E.W. Local 332 Health and Welfare Plan, the I.B.E.W. Local 332 Pension Plan Part B maintain their principal place of business at 6800 Santa Teresa Blvd., Suite 100, San Jose, CA 95119

8. The Santa Clara County Electrical Joint Apprenticeship Training Trust's principal place of business is 908 Bern Court San Jose, California 95112.

9. The Santa Clara Valley Chapter, Inc., National Electrical Contractors Association, Inc. principal place of business is 1493 Park Ave, San Jose, CA 95126.

10. The principal place of business for the Joint Electrical Industry Fund is San Jose, California.

11. I.B.E.W. Local No. 332's principal place of business is 2125 Canoas Garden Avenue, Suite 100, San Jose, Ca. 95125.

12. The Plaintiffs bring this action on behalf of themselves and on behalf of participants and beneficiaries of the Plaintiffs to recover benefits due, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, and as third party beneficiaries of the CBA pursuant to 29 U.S.C. § 185.

13. Defendant Delucchi Electric, Inc. (hereinafter referred to as "Defendant"), is a corporation existing under the laws of the State of California. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §1002(5), (11), and (12), and Section 2(2) of the LMRA, 29 U.S.C. §152(5).

14. Defendants' principal place of business is 1240 Memorex Drive, Santa Clara, California 95050.

15. Defendant is a signatory employer to the Collective Bargaining Agreement which provides for payment of contributions to the I.B.E.W. Local 332 Benefit Plans. The CBA binds Defendant to the provisions of the CBA and the respective Trust Agreements for the I.B.E.W. Local 332 Benefit Plans ("Trust Agreements") that created the Trust I.B.E.W. Local 332 Benefit Plans.

## FACTUAL ALLEGATIONS

16. Defendant entered into the Collective Bargaining Agreement with the I.B.E.W. Local 332, a labor organization. The CBA established the terms and conditions of employment for electrical workers employed by the Defendant.

17. Defendant employed employees covered by the CBA.

18. Defendant is required to make contributions to the Benefit Plans, JEIF, and NECA. for each hour worked by its bargaining unit employees at the rate and in the manner specified in the CBA and Trust Agreements.

19. Defendant failed to timely submit its contributions for electrical services performed under the CBA for hours worked during at least February through April of 2019.

20. Pursuant to the Trust Agreement, Defendant was assessed liquidated damages on the delinquent contributions, and interest began to accumulate.

21. The I.B.E.W. Local 332 Benefit Plans notified Defendant of the delinquency and accumulated liquidated damages and interest via letter on April 1, 2019 and April 29, 2019.

22. Counsel for the I.B.E.W. Local 332 Benefit Plans then notified the Defendant delinquency and accumulated liquidated damages and interest in May 17, 2019 and June 3, 2019.

23. The I.B.E.W. Local 332 Benefit Plans Delinquency Procedure and Trust Agreements, requires that payments be applied to satisfy all outstanding liquidated damages first, with the remainder used to pay principal contributions and interest owed.

24. As of the date of this Complaint, Defendant owes the Pension Fund unpaid contributions, liquidated damages, and interest.  Per the Delinquency Procedure and Trust Agreements for the I.B.E.W. Local 332 Benefit Plans, interest compounds daily, and liquidated damages of 10% of the delinquent amount are assessed on the 15th of each month. Consequently, the amount Defendant owes continues to grow.

25. Under the terms of the Trust Agreements and the Employee Retirement Income Security Act, an employer who fails to make timely contributions to the Pension Fund for employee fringe benefits is liable to the I.B.E.W. Local 332 Benefit Plans for all unpaid contributions, plus, interest, and attorney's fees and collection costs.  *See also*, 29 U.S.C. §1132(g). 24. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are further entitled to an amount equal to the greater of:   (a) double interest; or (b) liquidated damages.

## STATEMENT OF A CLAIM

### COUNT I

### (Breach of a Collective Bargaining Agreement (29 U.S.C. §§ 185))

26. Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 25 as fully set forth herein.

27. This is a claim to enforce the Collective Bargaining Agreement. By failing to pay timely contributions to the Plaintiffs as required, the Defendant breached the Collective Bargaining Agreement and a violation of Section 301 of the LMRA., 29 U.S.C. § 185.

28. Plaintiffs are entitled to judgment for all unpaid contributions, liquidated damages, prejudgment interest and reasonable attorney's fees and costs pursuant to 29 U.S.C. §185.

29. The I.B.E.W. Local 332 Benefit Plans are entitled to pursue this claim as a third-party beneficiary to the Trust Agreement pursuant to *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364 (1984).

### COUNT II

### (Claim for Contributions Under ERISA (29 U.S.C. 1145 & 1132))

30. Plaintiffs hereby incorporate by reference each allegation in Paragraphs 1through 29 as fully set forth herein.

31. This is an action to collect unpaid contributions found owing to a multi-employer benefit plan pursuant to the terms of the Trust Agreement and the Collective Bargaining Agreement.

32. The Defendant's action constitute a failure of an employer to make contributions to a multi-employer plan pursuant to 29 U.S.C. Section 1145. Plaintiffs are entitled to judgment for all unpaid contributions, liquidated damages or double interest in lieu thereof, prejudgment interest and reasonable attorney's fees and costs pursuant to 1132(g)(2) and the Trust Agreement.

## **PRAYER**

WHEREFORE, Plaintiffs respectfully request this Court:

A. Enter a judgment declaring that Defendant has a contractual obligation to make payments to the Plaintiffs (a) requiring contributions to fund benefits in an amount to be proven upon credible evidence; (b) requiring liquidated damages and interest payments; and (c) requiring the payment of reasonable attorneys' fees and costs of litigation pursuant to the Collective Bargaining Agreement, the Trust Agreements and ERISA.

B. Other such legal and equitable relief as the Court may deem just and equitable.

Dated:  October 8, 2019                                  KRAW LAW GROUP, APC

By:   /s/ Jessica Melgar
Jessica N. Melgar
Counsel for Plaintiffs

COMPLAINT - 6
CASE NO.