UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES, I.B.E.W. LOCAL 332 PENSION PLAN PART A, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DELUCCHI ELECTRIC, INC.,<br><br>Defendant. | Case No. 5:19-cv-06456-EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 18 |

Before the Court is Plaintiffs' motion for default judgment. Defendant has neither answered nor appeared in the action. Having considered Plaintiffs' motion and the accompanying papers,[1] the Court **GRANTS** Plaintiff's motion for default judgment.

## I.  BACKGROUND

### A. Factual Background

Defendant entered into a Collective Bargaining Agreement ("Agreement") with Plaintiffs. Complaint ("Compl.") ¶ 16; *see also* Declaration of Sandy Stephenson in Support of Plaintiff's Motion for Default Judgment ("Stephenson Decl.") ¶ 6, Dkt. 18-1 (citing Ex. 2, Dkt. 18-3 ("Defendant's Letter of Assent")). The Agreement required Defendant to make contributions to Trust Funds managed by Plaintiffs. Compl. ¶ 18; *see also* Stephenson Decl. ¶ 5. Defendant did not make the required contributions. Compl. ¶ 19; Stephenson Decl. ¶ 9. The Agreement includes provisions for liquidated damages and interest in the event of unpaid contributions. Compl. ¶ 24; Stephenson Decl. ¶ 7 (citing Ex. 3 at 2–3, Dkt. 18-4 ("Collection Procedures")).

---

[1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), this Court found this motion suitable for consideration without oral argument. *See* Dkt. 19.

Case No.: 5:19-cv-06456-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

1

### B. Procedural History

On October 8, 2019, Plaintiffs filed their Complaint, which alleged that Defendant had failed to make contributions in accordance with the Agreement. Compl. ¶ 1. Defendant was properly served on November 17, 2019. Proof of Service, Dkt. 13. Plaintiffs moved for entry of default on January 8, 2020 and default was entered against Defendant. Motion for Entry of Default ("Entry of Default"), Dkt. 14; *see also* Notice of Entry of Default, Dkt. 15. On February 6, 2020, Plaintiffs moved for default judgment. Plaintiffs' Motion for Default Judgment ("Mot."), Dkt. 18.

## II. LEGAL STANDARD

Default judgment may be granted when a party fails to plead or otherwise defend against an action for affirmative relief. Fed. R. Civ. P. 55(a). Discretion to enter default judgment rests with the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When deciding whether to enter default judgment, the court considers the following:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the underlying default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citing 10 Moore's Federal Practice § 55). In evaluating these factors, all factual allegations in the complaint are taken as true, except those relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

## III. DISCUSSION

### A. Jurisdiction

Before entering default judgment, a court must determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defendant. *See In re Tulli*, 172 F.3d 707, 712 (9th Cir. 1999) ("A judgment entered without personal jurisdiction over the parties is void."). Plaintiffs allege that Defendant violated the Agreement and the Employee Retirement

Case No.: 5:19-cv-06456-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
2

Income Security Act ("ERISA") by not making the obligatory contributions discussed above. Compl. ¶¶ 2–3. Because Plaintiffs' claims invoke federal law, the Court has federal question jurisdiction over this dispute. *See* 29 U.S.C. § 185; *id.* § 1132; *id.* § 1337; *id.* § 1451; 28 U.S.C. § 1331. Additionally, because Defendant is incorporated under the laws of the State of California and has its principal place of business in California, the Court has general personal jurisdiction over Defendant. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are 'paradigm . . . bases for general jurisdiction.'" (citation omitted)). Accordingly, the Court has jurisdiction over Defendant.

### B. *Eitel* Factors

#### 1. Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if default is denied. *See PepsiCo, Inc. v. Cal. Security Cans*, 283 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). A plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. *JL Audio, Inc. v. Kazi*, 2017 WL 4179875, at *3 (C.D. Cal. Sept. 18, 2017). Plaintiffs allege that Defendant breached the collective bargaining agreement and violated ERISA. *See* Compl. ¶¶ 26–32. Because Defendant has not appeared in this matter, plaintiffs will be without any other recourse for recovery unless default judgment is granted. *See Bd. of Trs. v. Core Concrete Constr., Inc.*, 2012 WL 380304, at *3 (N.D. Cal. Jan. 17, 2012) (finding prejudice because without a default judgment plaintiffs would have "no recourse to enforce the terms of the agreement requiring defendant to make plan contributions and pay liquidated damages"). Accordingly, the first *Eitel* factor weighs in favor of the entry of default judgment.

#### 2. Substantive Merits and Sufficiency of the Claims

Courts often consider the second and third *Eitel* factors together. *See PepsiCo*, 238 F. Supp. 2d at 1175. These factors assess the substantive merit of the movant's claims and the sufficient of the pleadings. The movant must "state a claim on which [it] may recover." *Id.* at 1177. Plaintiffs seek relief for Defendant's (1) breach of contract, see 29 U.S.C. § 185, and (2)

Case No.: 5:19-cv-06456-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
3

violation of ERISA, see 29 U.S.C. § 1132. Compl. ¶¶ 26–32.

### i. ERISA Claim

"Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such a plan or such agreement." 29 U.S.C. § 1145. Section 1145 creates a cause of action against employers who did not make timely contributions that are required under a collective bargaining agreement. *See Core Concrete Constr., Inc.*, 2012 WL 380304, at *3 (citing *Trs. of Screen Actors Guild-Producers Pension & Health Plans v. NCYA, Inc.*, 572 F.3d 771, 774–76 (9th Cir. 2009)).

Plaintiffs must establish that: "the trusts are multiemployer plans within the [meaning] of ERISA; the collective bargaining agreement required Defendant to make contributions to the plans; and Defendant did not make payments." *Id.* at *8 (citing 29 U.S.C. § 1145). Plaintiffs have done so here. Plaintiffs' Complaint contains sufficient facts to establish the elements: it alleges that the trusts are multiemployer benefit plans within the meaning of ERISA, see Compl. ¶¶ 18, 31; it details Defendant's obligation to make contributions under the Agreement, see *id.* ¶¶ 16, 18, 24; and it asserts that Defendant has not made the required contributions, see *id.* ¶¶ 19, 24, 25. Plaintiffs thus meet prongs two and three of the *Eitel* test. *See TeleVideo Systems, Inc.*, 826 F.2d at 917–18 (noting that generally upon default, the factual allegations of the complaint are taken as true).

### ii. 29 U.S.C. § 185 Claim

29 U.S.C. § 185 permits Plaintiffs to sue for breaches of collective bargaining agreements. Federal courts apply federal common law principles to determine the enforceability of contract provisions like liquidated damages provisions. *See Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 216 (9th Cir. 1989); *see also Core Concrete Constr., Inc.*, 2012 WL 380304, at *3. Plaintiffs' Complaint sufficiently alleges a contractual obligation to make contributions and a breach of that obligation. *See, e.g.*, Compl. ¶ 24. Plaintiffs thus again meet prongs two and three of the *Eitel* test.

### 3. Sum of Money in Dispute

"When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Core Concrete Constr., Inc.*, 2012 WL 380304, at *4; *see also Eitel*, 782 F.2d at 1472 (finding that three-million-dollar judgment, considered in light of the parties' dispute as to material facts, supported decision not to enter default judgment). However, "where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Core Concrete Constr., Inc.*, 2012 WL 380304, at *4; *Bd. of Trs. of the Sheet Metal Workers Health Care Plan of N. Cal. v. Superhall Mech., Inc.*, 2011 WL 2600898, at *2 (N.D. Cal. June 20, 2011) (finding that the sum of money for unpaid contributions, liquidated damages, and attorneys' fees were appropriate because they were supported by adequate evidence provided by the plaintiffs). Here, the Agreement specifies the sum Defendant was required to contribute. It also specifies the liquidated damages and interest that would be due in the event of unpaid contributions. *See* Compl. ¶ 24; *see also* Stephenson Decl. ¶ 7 (citing Collection Procedures at 2–3).

Additionally, to achieve "a mandatory award under § 1132(g)(2), . . . three requirements must be satisfied: (1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award." *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) (citing *Idaho Plumbers & Pipefitters Health & Welfare Fund*, 875 F.2d at 215). As asserted by Plaintiffs, the employer, Defendant, is delinquent in making required contributions and the Agreement provides for the liquidated damages and interest award. *See* Compl. ¶ 24; *see also* Stephenson Decl. ¶ 7 (citing Collection Procedures at 2–3). Therefore, the sum of money in dispute is both tailored to the specific misconduct of Defendant and is mandatory. *See Nw. Adm'rs, Inc.*, 104 F.3d at 257. Accordingly, this factor does not disfavor entry of default judgment.

### 4. Possibility of Dispute Concerning Material Facts

Under the fifth *Eitel* factor, the Court considers whether there is a possibility of a dispute over material facts. *Eitel*, 782 F.2d at 1471–72. Here, the Complaint asserts a breach of the

Case No.: 5:19-cv-06456-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
5

Agreement. Compl. ¶¶ 26–29. Defendant has neither appeared nor answered Plaintiffs' Complaint. Thus, there are no disputes as to Plaintiffs' allegations. *See TeleVideo Systems, Inc.*, 826 F.2d at 917–18. Moreover, the issues are relatively simple: did Defendant fail to make timely contributions required by the Agreement and, if yes, what are the liquidated damages and interest. Hence, because the issues are easily ascertainable, the possibility for substantial fact disputes is unlikely. *See Core Concrete Constr., Inc.*, 2012 WL 380304, at *3. This factor thus does not prevent default judgment.

### 5. Excusable Neglect

The sixth *Eitel* factor concerns the possibility that the underlying default was due to excusable neglect. *Eitel*, 782 F.2d at 1472. There are no facts indicating excusable neglect by Defendant.

### 6. Strong Policy Favoring Decisions on the Merits

The last *Eitel* factor considers the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1472. Despite this policy, default judgment is appropriate where a defendant refuses to litigate a case and where default judgment is the plaintiff's only recourse against the defendant. *See Core Concrete Constr., Inc.*, 2012 WL 380304, at *4; *Carlson Produce, LLC v. Clapper*, 2020 WL 533004, at *5 (N.D. Cal Feb. 3, 2020); *see also United States v. Roof Guard Roofing Co., Inc.*, 2017 WL 6994215, , at *3 (N.D. Cal. Dec. 14, 2017) ("When a properly adversarial search for the truth is rendered futile, default judgment is the appropriate outcome."). Here, Defendant has made no appearance and the other *Eitel* factors support default judgment. Therefore, default judgment is appropriate.

### C. Requested Judgment

"To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit." *Carlson Produce, LLC*, 2020 WL 533004, at *6 (quotation marks and citation omitted); *see also Cannon v. City of Petaluma*, 2011 WL 3267714, at *2 (N.D. Cal. July 29, 2011) ("In order to 'prove up' damages, a plaintiff is generally required to provide admissible evidence (including witness testimony) supporting damage calculations.");

Case No.: 5:19-cv-06456-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
6

*Bd. of Trs. of Bay Area Roofers Health & Welfare Tr. Fund v. Westech Roofing*, 42 F. Supp. 3d 1220, 1232 n.13 (N.D. Cal. 2014) ("It is Plaintiffs' burden on default judgment to establish the amount of their damages.").

Plaintiffs seek damages in accordance with the Agreement. Mot. at 3; Stephenson Decl. ¶ 10 (citing Ex. 4, Dkt. 18-5 ("Delucchi's Contribution History")). Plaintiffs maintains that they are owed: (1) $90,594.06 in damages; (2) $9,059.41 in liquidated damages; and (3) $8,398.87 in interest. Mot. at 3. Each is addressed in turn.

### 1. Damages

The Agreement provided for monthly contributions. Compl. ¶ 18. The contributions due by Defendant across the pertinent months are as follows: $36,979.69 for February 2019; $25,494.41 for March 2019; $18,691.72 for April 2019; $6,774.24 for May 2019; and $2,654.14 for June 2019. This totals $90,594.20. Ex. 5, Dkt. 18-6 ("Transmittals"); Ex. 4, Dkt. 18-5 ("Delucchi's Contribution History").[2]

### 2. Liquidated Damages

"For each month an employer is delinquent and/or deficient in his payment, the employer shall be assessed liquidated damages in the amount of 10% of the amount owed or $20.00 for each delinquent fund, whichever is greater." Collections Procedure at 2. Accordingly, Defendant's liquidated damages at 10% of delinquent contributions across the pertinent months are as follows: $3,697.97 for February 2019; $2,549.44 for March 2019; $1,869.17 for April 2019; $677.42 for May 2019; and $265.41 for June 2019. This totals $9,059.42. *See id.* at 2; Transmittals, Ex. 5.

### 3. Interest

"Interest will also begin accruing on the date the contributions become delinquent. Interest will accrue on the contributions owed and [on] any outstanding liquidated damages. The current interest rate is 10% per annum compounded daily." Collections Procedure at 2.

---

[2] An omission of $0.14 occurs for June 2019 within the Delucchi's Contribution History Ex. 4 when compared to Transmittals Ex. 5. This error is carried over into the work shown for calculating liquidated damages and interest. As such, the Transmittals' amounts are utilized for the Court's calculations.

Case No.: 5:19-cv-06456-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
7

"Contributions . . . are due and payable by the 15th of the month following the payroll month. . . . Transmittals and contributions postmarked after the 15th of the month shall be delinquent." *Id.* at 1.  Counting back from the date Plaintiffs moved for default judgment, February 6, 2020, to the date contributions became delinquent across the pertinent months, the number of delinquent days are as follows: 327 days since March 16, 2019, 296 days since April 16, 2019, 266 days since May 16, 2019, 235 days since June 16, 2019, and 205 days since July 16, 2019.

Taking the total of delinquent contributions and liquidated damages from each month and applying an annual interest rate of 10% compounded daily across the above number of delinquent days, the interests due for each of the pertinent months are as follows: $3,811.96 for February 2019, $2,368.66 for March 2019, $1,554.14 for April 2019, $495.48 for May 2019, and $168.64 for June 2019; totaling $8,398.88.

In summary, the Court finds that Plaintiff is entitled to recover the following:

- Damages in the amount of $90,594.20,
- Liquidated damages in the amount of $9,059.42, and
- Interest in the amount of $8,398.88.

### IV.  CONCLUSION

Plaintiff's motion for default judgment is **GRANTED** in the amount of **$108,052.50** pursuant to Federal Rule of Civil Procedure 55.

**IT IS SO ORDERED.**

Dated: June 1, 2020

EDWARD J. DAVILA
United States District Judge